The Honorable Thomas S. Zilly



CV 01-01081 #00000028

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MUIO TRAN, KIM-CUC NGUYEN, NHU HUU TRAN, a minor child, LOAN HUU TRAN, a minor child,

Plaintiffs,

v.

THE CITY OF SEATTLE, et al.,

Defendants

No. C01-1081-Z

**DEFENDANTS' ALTERNATIVE MOTION FOR BIFURCATION**

Note for: June 14, 2002

## I. RELIEF REQUESTED

Defendants the City of Seattle, Seattle Police Department, Paul Schell, Norm Stamper, and all of the individually-named Seattle Police Officers ("defendants") respectfully request that the court bifurcate discovery and trial of municipal liability issues from the discovery and trial of individual liability issues should the court fail to dismiss the municipal liability claims on summary judgment. See Defendants' Motion for Summary Judgment.

To establish municipal liability, the plaintiffs must first establish that they have suffered a constitutional deprivation. Without such a deprivation, there can be no viable

DEFENDANTS' ALTERNATIVE MOTION FOR BIFURCATION (COA No. C01-1081-Z) - 1
\\SFC3\DATA\CLIENTS\3000\000\3019\22003\FEDERAL PLEADINGS\BIFURCATION DOC

ORIGINAL

STAFFORD FREY COOPER
—PROFESSIONAL CORPORATION—
A T T O R N E Y S
2500 RAINIER TOWER
1301 FIFTH AVENUE
SEATTLE, WASHINGTON 98101-2621
TELEPHONE (206) 623-9900
FACSIMILE (206) 624-6885

claim under 42 U.S.C. § 1983. Postponing the discovery and trial of municipal liability issues until such time as the plaintiffs are able to establish a constitutional deprivation would preserve party and judicial resources, promote efficiency, and prevent undue prejudice to the City.

## II. STATEMENT OF FACTS

This lawsuit is based on interactions between the plaintiffs in this action and various law enforcement officers on July 19, 1999. All of the plaintiffs claim that they were deprived of their constitutional rights in one way or another. They also have asserted claims for municipal liability. To streamline discovery and trial of this litigation, the City moves this court for bifurcation of the discovery and trial of the municipal liability claims from the remaining claims.

## III. ISSUES PRESENTED

Under federal law, should the court bifurcate the discovery and trial on the issues of municipal liability, postponing the discovery and trial of such issues until plaintiffs prove a constitutional deprivation?

## IV. EVIDENCE RELIED UPON

Defendants rely upon the records and files herein

## V. LEGAL ANALYSIS AND AUTHORITY

Bifurcation is a well-recognized means of promoting judicial efficiency, avoiding undue prejudice, and expediting the proceedings. See, e.g., Los Angeles v. Heller, 475 U.S 796, 799 (1986) (noting that even if the city had a policy which authorized unconstitutional activities on the part of police officers, such a policy would be irrelevant to the city's liability if the plaintiff had suffered no constitutional injury); Larez v. City of

**DEFENDANTS' ALTERNATIVE MOTION FOR BIFURCATION (COA No. C01-1081-Z) - 2**
\\SFC3\DATA\CLIENTS\3000\000\3019\22003\FEDERAL PLEADINGS\BIFURCATION DOC

STAFFORD FREY COOPER
—————— PROFESSIONAL CORPORATION ——————
A T T O R N E Y S
2500 RAINIER TOWER
1301 FIFTH AVENUE
SEATTLE, WASHINGTON 98101-2621
TELEPHONE (206) 623-9900
FACSIMILE (206) 624-6885

Los Angeles, 946 F.2d 630 (9th Cir. 1991); Sanchez v. City of Riverside, 596 F. Supp. 193 (C.D. Cal. 1984); Ismail v. Cohen, 706 F. Supp. 243, 251 (S.D. N.Y. 1989) See also Treece v. Hochstetler, 213 F.3d 360, 365 (7th Cir 2000) (bifurcation of municipal claims promotes efficiency, conserves court resources, and avoids inconveniencing of witnesses). To justify bifurcation, the court need only determine that bifurcation would accomplish *one* of the above referenced conditions. Treece at 365; Ismail at 251  If a single issue could be dispositive of the case and its resolution might make it unnecessary to try other issues in the litigation, then a separate trial on that issue may be desirable. 9 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2388 at 476 (2d ed. 1994). Consider FED. R. OF CIV. P. 42(b) (permitting the separate trial of any issue when separation would be in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy).

For plaintiffs to have standing to maintain a § 1983 claim, they must first demonstrate that the defendants deprived them of a right secured by the Constitution and the laws of the United States. Flagg Bros., Inc. v. Brooks, 436 U.S. 149, 155 (1978); Wood v. Ostrander, 879 F 2d 583, 587, cert. denied, 498 U.S. 938 (9th Cir. 1989). Thus, unless and until plaintiffs establish a constitutional deprivation, discovery and trial on the issues of municipal liability is unnecessary. See Amato v. City of Saratoga Springs, 170 F.3d 311, 313 (2d Cir. 1999) (if plaintiff fails to prove deprivation, municipal claims are moot). Additionally, bifurcation expedites the proceedings by streamlining discovery.

Bifurcation would also prevent undue prejudice to the defendants. Different evidence is required to prove municipal versus individual liability. As such, bifurcation

**DEFENDANTS' ALTERNATIVE MOTION FOR BIFURCATION (COA No. C01-1081-Z) - 3**
\\SFC3\DATA\CLIENTS\3000\000\3019\22003\FEDERAL PLEADINGS\BIFURCATION DOC

STAFFORD FREY COOPER
───── PROFESSIONAL CORPORATION ─────
A T T O R N E Y S
2500 RAINIER TOWER
1301 FIFTH AVENUE
SEATTLE, WASHINGTON 98101-2621
TELEPHONE (206) 623-9900
FACSIMILE (206) 624-6885

precludes undue prejudice against the officers that would occur with the introduction of the policy and practice evidence necessary to prove municipal liability. See Amato, 170 F.3d at 313 (noting potential for undue prejudice to individual defendants where the evidence necessary to prove municipal claims would include unrelated claims of excessive force brought against the entire police department). Bifurcation also prevents undue prejudice against the City of Seattle that would occur with the introduction of evidence of the officer conduct that allegedly resulted in the civil rights deprivation. See id.

Because bifurcation would preserve judicial and party resources, preclude undue prejudice, and streamline the adjudication process, bifurcation is proper.

## VI. CONCLUSION AND PRAYER FOR RELIEF

Defendants respectfully request that the court bifurcate discovery and trial on plaintiffs' municipal liability claims under § 1983.

DATED this 21st day of May, 2002

STAFFORD FREY COOPER

By _____
Anne M. Bremner, WSBA # 13269
Heather L. Carr, WSBA # 29780
Attorneys for Defendants

**DEFENDANTS' ALTERNATIVE MOTION FOR BIFURCATION (COA No. C01-1081-Z) - 4**
\\SFC3\DATA\CLIENTS\3000\000\3019\22003\FEDERAL PLEADINGS\BIFURCATION DOC

STAFFORD FREY COOPER
—PROFESSIONAL CORPORATION—
A T T O R N E Y S
2500 RAINIER TOWER
1301 FIFTH AVENUE
SEATTLE, WASHINGTON 98101-2621
TELEPHONE (206) 623-9900
FACSIMILE (206) 624-6885