CC: TO JUDGE ___PM___

The Honorable Thomas S Zilly

___ FILED ___ ENTERED
___ LODGED ___ RECEIVED

SEP 09 2002 PM

AT SEATTLE
CLERK U S DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY _____ DEPUTY

CV 01-01081 #00000060

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

MUIO TRAN, KIM CUC NGUYEN, NHU HUU TRAN, a minor child, LOAN HUU TRAN, a minor child,

    Plaintiffs,

v.

CITY OF SEATTLE, et al ,

    Defendants.

No CO1-1081-Z

**DEFENDANTS' MOTIONS IN LIMINE**

NOTE FOR MOTION DOCKET:
September 20, 2002

## I. RELIEF REQUESTED

The two remaining defendants in this matter, Kirk Waldorf and Alvin Little, respectfully request that the court enter orders in limine that preclude the remaining plaintiff in this matter, Muio Tran, from introducing evidence, eliciting evidence, referencing, or inquiring during trial in the presence of the jury as to whether Officers Waldorf and/or Little have had any complaints filed against them which resulted in an Internal Investigation Section ("IIS") investigation and as to what the outcome(s) of any such complaints or IIS investigations against either officer were  Given the court's summary dismissal of the municipal liability claims and the nature of the remaining causes of action, any such evidence is completely irrelevant, extremely prejudicial, and

DEFENDANTS' MOTIONS IN LIMINE - 1
M \CLIENTS\3019\22003\PLDMOTIONS IN LIMINE DOC

STAFFORD FREY COOPER
───── Professional Corporation ─────
A T T O R N E Y S
2500 RAINIER TOWER
1301 FIFTH AVENUE
SEATTLE, WASHINGTON 98101-2621
TEL (206) 623-9900



1  inadmissible. The court should therefore exclude it pursuant to Federal Rules of
2  Evidence 401, 402, 403, and 404(b).

3  Officers Little and Waldorf further request that the court preclude plaintiff from introducing evidence, eliciting evidence, referencing, or inquiring during trial in the presence of the jury as to whether the officers have ever been named as defendants in any other lawsuits. As with previous complaints and IIS investigations, such evidence is not admissible due to its lack of relevance and unduly prejudicial effect.

The officers also request that the court preclude the plaintiff from introducing, referencing or alluding to during trial (1) any evidence from any lay or expert witness not identified in plaintiffs' disclosures and/or discovery responses, (2) any evidence that plaintiffs' failed to produce in response to the defendants' discovery requests, (3) any documentary evidence not disclosed in plaintiffs' disclosures and/or discovery responses, (4) the videotape submitted in support of plaintiffs' opposition to the Defendants' Motion for Summary Judgment and in response to defendants' discovery requests, and (5) any evidence or personal belief that the City of Seattle, Seattle Police Department, and/or any Seattle Police Officer acted unlawfully toward any of the plaintiffs already dismissed from this action. Such evidence is not admissible pursuant to FED. R. CIV. P. 37(c) and FED. R. EVID. 401, 403, and 901.

Officer Little and Waldorf respectfully request that the court also issue a limiting instruction that precludes plaintiff from arguing or implying and the jury from inferring that the dismissal without prejudice of the criminal assault charges filed against him establishes or indicates a lack of probable cause.

DEFENDANTS' MOTIONS IN LIMINE - 2
M \CLIENTS\3019\22003\PLD\MOTIONS IN LIMINE DOC

STAFFORD FREY COOPER
——— Professional Corporation ———
A T T O R N E Y S
2500 RAINIER TOWER
1301 FIFTH AVENUE
SEATTLE, WASHINGTON 98101-2621
TEL (206) 623-9900
FAX (206) 624-6885

Lastly, the officers respectfully request that the court preclude the plaintiff from arguing outrage, as he has not identified a medical expert and therefore cannot establish the claims.

## II. LEGAL AUTHORITY AND ANALYSIS

**A.  The court should exclude any evidence of any previous complaints and/or IIS investigations and/or lawsuits filed against the defendants.**

The court should exclude any evidence regarding any previous complaints and/or lawsuits that may have been filed against Officer Little and/or Officer Waldorf as well as the outcome of any investigation that may have arisen from any such complaint or lawsuit.[1]  Such evidence is not relevant to the issues at hand, is far more prejudicial than probative, and could only be used to improperly persuade the jury that the officers acted in conformity. It must therefore be excluded.

Federal Rule of Evidence 401 makes clear that evidence is only relevant if it would have "any tendency to make the existence of any fact <u>that is of consequence to the determination of the action</u> more probable or less probable that it would be without the evidence.  Id. (emphasis added).  Where evidence is not relevant, it is not admissible. FED. R. EVID. 402.  Whether other individuals have filed complaints against the officers regarding unrelated matters and what the outcome of those complaints may have been is not relevant to the discreet issue of whether the officers acted lawfully toward Mr. Tran on July 19, 1999. Consider <u>Duran v. City of Maywood</u>, 221 F.3d 1127 (9th Cir. 2000) (exclusion of subsequent shooting in civil rights wrongful death action

---

[1] Although the plaintiff has not sought such information to date, it is reasonable to presume that he may attempt to obtain and use such information at trial  As such, the defendants have filed this motion. This motion is <u>not</u> intended to serve as an admission or representation that any complaints or lawsuits have been filed against the defendants or that any IIS investigation has been made into their conduct

DEFENDANTS' MOTIONS IN LIMINE - 3
M \CLIENTS\3019\22003\PLDMOTIONS IN LIMINE DOC

STAFFORD FREY COOPER
— Professional Corporation —
A T T O R N E Y S
2500 RAINIER TOWER
1301 FIFTH AVENUE
SEATTLE, WASHINGTON 98101-2621
TEL. (206) 623-9900
FAX (206) 624-6885

appropriate); Eigeman v. City of Great Falls, 723 F. Supp. 522 (D. Mont. 1989) (exclusion of subsequent incident involving excessive force).

Even if such evidence were relevant, it should still be excluded because it is unduly prejudicial. Rule 403 provides that evidence must be excluded where "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of delay, waste of time, or needless presentation of cumulative evidence. FED. R. EVID. 403. Rule 403 is designed to "exclud[e] matters of scant or cumulative probative force, dragged in by the heels for the sake of prejudicial effect." United States v. McRae, 593 F.2d 700 (5th Cir.), cert. denied, 444 U.S. 862 (1979).

Here, evidence of prior complaints, IIS investigations, and lawsuits is highly prejudicial, while the probative value is non-existent. Because this court has already summarily dismissed the plaintiff's municipal liability claim, plaintiff could only use evidence of unrelated complaints and lawsuits against and/or IIS investigations of the officers to establish propensity and conformity with respect to his claims. Evidence of other complaints lodged against the officers by other individuals will improperly confuse and mislead the jury into reaching a plaintiff's verdict based on the baseless assumption that "where there's smoke there's fire." Confusing and misleading the jury in this matter is highly prejudicial to the defendants and baseless assumptions are not probative of the issues in this case.

Furthermore, the Federal Rules of Evidence prohibit parties introducing evidence of prior bad acts to establish conformity. FED. R. EVID. 404 ("Evidence of other crimes,

DEFENDANTS' MOTIONS IN LIMINE - 4
M:\CLIENTS\3019\22003\PLD\MOTIONS IN LIMINE.DOC

STAFFORD FREY COOPER
───── Professional Corporation ─────
A T T O R N E Y S
2500 RAINIER TOWER
1301 FIFTH AVENUE
SEATTLE, WASHINGTON 98101-2621
TEL. (206) 623-9900
FAX (206) 624-6885

wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith ")

The court should exclude any evidence of prior complaints, IIS investigations, and other lawsuits filed against the officers because such evidence is not relevant, is highly prejudicial, lacks any probative value, and will only be used to improperly establish "conformity." It is therefore inadmissible under FED R. EVID. 401, 403, and 404.[2]

**B.    The court should exclude any evidence from any source not disclosed in plaintiffs' disclosures or discovery responses.**

The court should exclude any evidence not identified and/or disclosed plaintiffs' disclosures and/or discovery responses, including testimony from any lay or expert witness and any documentary evidence not identified and/or disclosed

Federal Rule of Civil Procedure 37(c) provides. "A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) or to amend a prior response to discovery as required by Rule 26(e)(2), is not  permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed." FED. R. CIV. P. 37(c).  Plaintiff should not be allowed to try this case by ambush.  He should be limited to calling witnesses and relying on evidence he has properly identified and/or disclosed

---

[2] Should the court deny the defendants' request, the defendants reserve the right to file a motion for a limiting instruction on the use of such evidence, if necessary

DEFENDANTS' MOTIONS IN LIMINE - 5
M \CLIENTS\3019\22003\PLD\MOTIONS IN LIMINE DOC

STAFFORD FREY COOPER
——— Professional Corporation ———
A T T O R N E Y S
2500 RAINIER TOWER
1301 FIFTH AVENUE
SEATTLE, WASHINGTON 98101-2621
TEL. (206) 623-9900

**C. The court should exclude the videotape submitted in support of plaintiffs' opposition to summary judgment and in response to defendants' discovery requests.**

In support of his opposition to summary judgment and in response to defendants' discovery requests, plaintiff submitted a copy of a videotape depicting his house and personal property in a terrible state of disarray. The court should preclude plaintiff from introducing this videotape to the jury. Such "evidence" is not relevant, is unduly prejudicial, is cumulative, and has never been properly authenticated. It is therefore properly excluded under Rules 401, 403, and 901.

Defendants have never disputed that plaintiff's personal property was damaged on July 19, 1999. They have only disputed the cause of the damage and their liability therefor, which the videotape does not purport to address. Because the fact that personal property was damage is undisputed, the videotape does not make the existence of this fact "more probable or less probable <u>than it would be without the evidence</u>." FED. R. EVID. 401 (emphasis added). It is not "relevant evidence" and is not, therefore, admissible. FED. R. EVID. 401 and 402.

Even if it were relevant, the videotape is not admissible because it is unduly prejudicial. FED. R. EVID. 403. The videotape depicts massive damage to the contents of the house – damage that causes a visceral, but baseless, reaction of outrage. However, it does not establish, nor purport to establish, any evidence whatsoever regarding the circumstances, extent, or cause of any damage on July 19, 1999. It does not have any tendency to establish Mr. Tran's claims or any disputed facts, and it does not have any tendency to impeach the officers' sworn testimony that the family members broke this personal property when they attacked the officers. Furthermore,

DEFENDANTS' MOTIONS IN LIMINE - 6
M\CLIENTS\3019\22003\PLDMOTIONS IN LIMINE.DOC

STAFFORD FREY COOPER
────── Professional Corporation ──────
A T T O R N E Y S
2500 RAINIER TOWER
1301 FIFTH AVENUE
SEATTLE, WASHINGTON 98101-2621
TEL. (206) 623-9900
FAX (206) 624-6885

the footage of the structure and contents of the home suggest that the plaintiff is a man of relatively little means without the financial wherewithal to replace the damaged property. As such, while the probative value of this evidence, if any, is minuscule, this evidence is highly and unduly prejudicial. Jurors will impermissibly and baselessly require the deep pockets in this action – the City of Seattle – to finance the replacement of the religious icons and other property of this poor individual regardless of who is really to blame. Furthermore, as the officers do not dispute that the property was damaged, this "evidence" is merely cumulative and is inadmissible under Rule 403.

Lastly, unless and until plaintiff properly authenticates the videotape, it is inadmissible. FED. R. EVID. 901. Because he failed to do so when he submitted the videotape in support of his opposition to summary judgment, the court should not allow that videotape to be introduced to the jury by virtue of that filing. See Reply in Support of Summary Judgment.

**D. The court should preclude plaintiff from presenting any evidence, implying, or opining that the City of Seattle and/or any of its agents or employees acted unlawfully toward the plaintiffs already dismissed from this action.**

This court has summarily dismissed all of the claims asserted Kim-Cuc Nguyen, Loan Huu Tran, and Nhu Huu Tran against the two defendants remaining in this case as well as the twenty defendants already dismissed from this action. As such, plaintiff should be precluded from presenting any evidence, implying, or opining that the City of Seattle and/or any of its agents or employees acted unlawfully toward the plaintiffs already dismissed from this action.

DEFENDANTS' MOTIONS IN LIMINE - 7
M \CLIENTS\3019\22003\PLD\MOTIONS IN LIMINE DOC

STAFFORD FREY COOPER
———Professional Corporation———
A T T O R N E Y S
2500 RAINIER TOWER
1301 FIFTH AVENUE
SEATTLE, WASHINGTON 98101-2621
TEL. (206) 623-9900
FAX (206) 624-6885

1  **E.  The court should issue a limiting instruction precluding the plaintiff from arguing and the jury from inferring that the dismissal without prejudice of the criminal charges against Mr. Tran bars a finding of probable cause.**

Mr Tran was arrested on July 19, 1999 and charged with criminal assault. Those charges were dismissed without prejudice. Because the disposition of those charges is relevant to the claim of malicious prosecution, the defendants cannot request that the court exclude evidence regarding the same. However, because this evidence is highly prejudicial, it is important that the court issue a limiting instruction that makes clear that the dismissal of the charge without prejudice does not having any tendency to establish lack of probable cause.

The fact that the charges against Mr. Tran were dismissed without prejudice does not disprove the existence of probable cause. The existence of probable cause is not determined by whether there is a reasonable doubt the suspect committed the crime. <u>United States v Harvey</u>, 3 F.3d 1294, 1296 (9th Cir. 1993) (stating, "Neither certainty, nor proof beyond a reasonable doubt, is required for probable cause to arrest"); <u>Washington v. Krantz</u>, 164 P.2d 453, 454 (1945) Rather, the standard is whether the officer has reasonably trustworthy information sufficient to warrant a prudent person in believing that the accused had committed or was committing an offense. <u>Harvey</u>, at 1296

The difference in the standards of proof and the difference between dismissal with prejudice and dismissal without prejudice are subtleties easily lost on the jurors. If the jurors improperly conclude that Mr Tran did not do anything wrong because the criminal charges against him were dismissed without him going to trial, then they will be predisposed to thinking that Officers Little and Waldorf somehow acted wrongly and

DEFENDANTS' MOTIONS IN LIMINE - 8
M \CLIENTS\3019\22003\PLDMOTIONS IN LIMINE DOC

STAFFORD FREY COOPER
—Professional Corporation—
ATTORNEYS
2500 RAINIER TOWER
1301 FIFTH AVENUE
SEATTLE, WASHINGTON 98101-2621
TEL (206) 623-9900

1  unlawfully. The disposition of the criminal charges will distract the jurors from the issues at hand and thereby unduly prejudice the defendant officers and as such, a limiting instruction is required.

### F. The court should preclude the plaintiff from arguing outrage.

Plaintiff failed to list a medical witness in his pretrial statement. Therefore, his claim for outrage must fail. In order to recover under the claim of outrage, plaintiff must show objective symptoms of emotional distress. Haubry v. Snow, 31 P.3d 1186 (Wash. App. 2001). These symptoms must be susceptible to medical diagnosis and proved through medical evidence. Id. Because Mr. Tran has not listed any medical witnesses, his claim for outrage is properly dismissed and excluded at trial.

### III. CONCLUSION

Based on the foregoing, the defendants respectfully request that the court grant their motions in limine.

DATED this 9th day of September, 2002.

STAFFORD FREY COOPER

By /s/ Heather Carr
Anne M. Bremner, WSBA #13269
Heather L. Carr, WSBA #29780
Attorneys for Defendants

DEFENDANTS' MOTIONS IN LIMINE - 9
M:\CLIENTS\3019\22003\PLD\MOTIONS IN LIMINE.DOC

STAFFORD FREY COOPER
Professional Corporation
ATTORNEYS
2500 RAINIER TOWER
1301 FIFTH AVENUE
SEATTLE, WASHINGTON 98101-2621
TEL (206) 623-9900
FAX (206) 624-6885

The Honorable Thomas S. Zilly

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| MUIO TRAN, KIM CUC NGUYEN, NHU HUU TRAN, a minor child, LOAN HUU TRAN, a minor child,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF SEATTLE, et al.,<br><br>Defendants. | No. CO1-1081-Z<br><br>[PROPOSED] ORDER ON DEFENDANTS' MOTIONS IN LIMINE |

THE COURT has reviewed Defendants' Motions in Limine and the materials filed in support of and opposition thereto.

Being fully advised, it is hereby ORDERED that

A   Defendants' Motion in Limine to Exclude any Evidence of any Previous Complaints and/or IIS Investigations and/or Lawsuits Filed Against Defendants is, hereby

GRANTED _____   DENIED _____

[PROPOSED] ORDER ON DEFENDANTS'
MOTIONS IN LIMINE - 1
M \CLIENTS\3019\22003\PLDORDER MIL DOC

STAFFORD FREY COOPER
——— Professional Corporation ———
A T T O R N E Y S
2500 RAINIER TOWER
1301 FIFTH AVENUE
SEATTLE, WASHINGTON 98101-2621
TEL (206) 623-9900

B. Defendants' Motion in Limine to Exclude and Evidence from any Source not Disclosed in the Plaintiffs' Disclosures or Discovery Responses is, hereby

GRANTED _____   DENIED _____

C. Defendants' Motion in Limine to Exclude the Videotape Submitted in Support of Plaintiffs' Opposition to Summary Judgment and in Response to Defendants' Discovery Requests is, hereby

GRANTED _____   DENIED _____

D. Defendants' Motion in Limine to Preclude Plaintiff from Presenting any Evidence, Implying or Opining that the City of Seattle and/or any of its Agents or Employees Acted Unlawfully Toward the Plaintiffs Already Dismissed from the Action is, hereby

GRANTED _____   DENIED _____

E. Defendants' Motion in Limine to Issue a Limiting Instruction Precluding the Plaintiff from Arguing and the Jury from Inferring that the Dismissal Without Prejudice of the Criminal Charges Against Mr. Tran Bars a Finding of Probable Cause is, hereby

GRANTED _____   DENIED _____

[PROPOSED] ORDER ON DEFENDANTS'
MOTIONS IN LIMINE - 2
M \CLIENTS\3019\22003\PLDORDER MIL DOC

STAFFORD FREY COOPER
—————— Professional Corporation ——————
A T T O R N E Y S
2500 RAINIER TOWER
1301 FIFTH AVENUE
SEATTLE, WASHINGTON 98101-2621
TEL (206) 623-9900

1    F.   Defendants' Motion in Limine to Preclude the Plaintiff from Arguing
2  Outrage is, hereby

3
4            GRANTED _____   DENIED _____

5
6       DATED this _____ day of _____, 2001.

7

8                                          _____
                                           Thomas S. Zilly
9                                          U.S. District Court Judge

   Presented By:
10
   STAFFORD FREY COOPER
11
   /s/ Heather L. Carr
12 _____
   Anne M. Bremner, WSBA # 13269
13 Heather L. Carr, WSBA # 29780
   Attorneys for Defendants.

[PROPOSED] ORDER ON DEFENDANTS'
MOTIONS IN LIMINE - 3
M:\CLIENTS\3019\22003\PLDORDER MIL.DOC

STAFFORD FREY COOPER
— Professional Corporation —
A T T O R N E Y S
2500 RAINIER TOWER
1301 FIFTH AVENUE
SEATTLE, WASHINGTON 98101-2621
TEL (206) 623-9900